**MARYLAND ELECTRIC INDUSTRY HEALTH FUND, etc., et al.**

v.

**TRIANGLE SIGN & SERVICE DIV. OF LOK–TITE INDUSTRIES, INC.**

Civ. No. L–91–61.

United States District Court, D. Maryland.

Feb. 12, 1993.

**16**

Christine Williams, Lutherville, MD, for plaintiffs.

Norman R. Buchsbaum, Baltimore, MD, for defendant.

## MEMORANDUM & ORDER

LEGG, District Judge.

In this ERISA case, the Court is called upon to decide the amount of attorney's fees to be awarded to the plaintiff, Maryland Electric Industry Health Fund ("the fund"), which prevailed against the defendant, Triangle Sign & Service ("Triangle"), on summary judgment and won a judgment in its favor for $2891.20, plus interest.[1] This action is brought pursuant to 29 U.S.C. § 1132(g)(2), which provides, in relevant part, that "[i]n any action ... by a fiduciary for or on behalf of a plan ... in which a judgment in favor of the plan is awarded, the court shall award the plan ... reasonable attorney's fees and costs of the action, to be paid by the defendant."

■ In order to determine the appropriate amount of attorney's fees in this action, the Court must begin by calculating the lodestar figure, which represents the number of reasonable hours spent on the case multiplied by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens Council for Clean Air,* 478 U.S. 546, 564, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986). In making this determination, the Court considers a number of relevant factors, including the time, labor, and skill required to litigate the case, the complexity of the issues, the attorney's customary fee, awards in similar cases, the amount involved and results obtained, and the "undesirability" of the case. *See Lilly v. Harris–Teeter Supermarket,* 842 F.2d 1496, 1510–1511 (4th Cir.1988).

■ In this case, the bulk of the attorney's fees sought by the fund can be attributed to work on the fund's motion for summary judgment and its response to Triangle's cross-motion for summary judgment.[2] Applying the *Lilly* factors to the instant action, the Court finds that the following are relevant considerations in determining the appropriate award of attorney's fees sought to the fund: (i) the complexity added to the litigation by virtue of the defendant's lengthy answer and cross-motion for summary judgment[3]; (ii) the fact that the plaintiff prevailed on every issue in the case and won the full amount of damages sought; (iii) the attorney's customary fee of $110 per hour; and (iv) the undesirability of cases involving small monetary judgments.

Triangle asserts, however, that it is inequitable to award attorney's fees in excess of the amount of the judgment in this case. Triangle cites *Ursic v. Bethlehem Mines,* 719 F.2d 670 (3rd Cir.1983) and *Operating Engineers Pension Tr. v. B & E Backhoe,* 911 F.2d 1347 (9th Cir.1990), in support of its contention. Both *Ursic* and *Backhoe,* however, are factually distinguishable from the instant action, and provide no legal support for Triangle's assertion. In *Ursic,* the district court awarded the plaintiffs a $10,000 bonus, in addition to $10,200 of attorney's fees. 719 F.2d at 673. On appeal, the Third Circuit found no basis for the $10,000 bonus, and confined the plaintiff's award of attorney's fees to the lodestar figure of $10,200. *Id.* at 674. In this case, plaintiff seeks only the lodestar figure.

The *Backhoe* court rejected the argument that a court cannot award attorney's fee in

---

1. Judgment was entered against the defendant on March 6, 1992.

2. Approximately 34 hours were devoted to the motion for summary judgment and 13 hours were devoted to plaintiff's response.

3. The answer was 19 pages long and raised four affirmative defenses; the defendant's opposition was 54 pages long.

excess of an ERISA recovery, noting that it was "without authority" to establish such a rule because of Congress's mandate in 29 U.S.C. § 1132(g)(2)(D) to award attorney's fees in all ERISA cases in which the fund prevails. 911 F.2d at 1355. As a result, the plaintiffs in *Backhoe* were awarded attorneys fees constituting 150% of the amount of damages awarded in the case. The Ninth Circuit upheld the district court's decision to reduce the plaintiffs' award from $19,673 sought to only $12,000, however, because (i) the plaintiffs did not prevail on their primary legal position and (ii) the monetary judgment awarded to plaintiffs was only one-eighth of the amount sought[4]. 911 F.2d at 1356.

The Court has considered the fact that the amount of the judgment in this case was approximately $3000. In light of Congress's expressed intent to encourage funds to litigate in order to collect all moneys due to pension funds by awarding attorneys fees in cases in which the fund prevails, however, and in light of the *Lilly* factors already discussed, the Court will award the full amount of attorney's fees sought by the plaintiff, totaling $6901.25. The Court will also award the plaintiff $138.98 in expenses.

IT IS SO ORDERED.

---

**4.** Plaintiffs sought $63,000 in damages, but won only $8000.

